IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) 1:09cr431 (JCC) |
| DONNA MARIE GEORGE, | ) |
| | ) |
| Defendant. | ) |

# **A M E N D E D   M E M O R A N D U M   O P I N I O N**[1]

This matter is before the Court on Defendant Donna Marie George's February 5, 2010 Motion for a Judgment of Acquittal and Motion for New Trial ("Motion I").[2] [Dkt. 81.] The United States filed an Opposition on February 12, 2010. [Dkt. 83.] Defendant did not file a Reply. For the following reasons the Court will deny Defendant's Motion for a Judgment of Acquittal and Motion for a New Trial.

On September 24, 2009 a three-count indictment was returned against Donna Marie George ("Defendant" or "George") charging: (Count I) Conspiracy to Distribute Oxycodone; (Count II) Distribution of Oxycodone; and, (Count III) Distribution of Oxycodone. [Dkt. 11.] Following the submission of proposed

---

[1] This Amended Memorandum Opinion supersedes this Court's Memorandum Opinion of May 12, 2010. [Dkt. 98.] That Memorandum Opinion shall carry no effect.
[2] Defendant's February 11, 2010 second Motion for a New Trial ("Motion II") [Dkt. 82], is addressed in a separate Amended Memorandum Opinion.

1

witness lists and jury instructions by both parties, trial commenced on January 25, 2010. [*See* Dkt. 64.] The United States ("US" or "Government") offered the testimony of eleven witnesses, including Dr. Abraham Asmamaw (a doctor from whom Defendant sought Oxycodone), Lenna Pitts (a witness to drug distribution activity), Patrick Barber and William Hart (both of whom regularly personally purchased illegal narcotics from Defendant). After a two day trial, the Court charged the jury on January 27, 2010. Later that day the jury foreman submitted a question to the Court requesting clarification of the definition of conspiracy. [*See* Dkt. 74.] The Court allowed argument from both the Government and Defendant regarding the supplemental jury instruction and proceeded to respond to the jury's question by giving additional instruction to the jury regarding the conspiracy charge. Following further deliberations that day the jury found Defendant George guilty on all counts. [Dkt. 77.]

Defendant now moves for a judgment of acquittal and for a new trial. The Motion for a Judgment of Acquittal is based on an alleged "insufficiency of evidence . . . to show that the Defendant engaged in a conspiracy. . . ." (Mot. I at 2.) Defendant's first Motion for a New Trial is made on three grounds: (1) the testimony of Dr. Abraham Asmamaw, Lenna Pitts,

Patrick Barber and William Hart should have been excluded under Federal Rule of Evidence 403 as irrelevant and/or prejudicial; (2) the supplemental jury instruction regarding conspiracy was prejudicial and constituted an "improper intrusion" into the "deliberative process;" and (3) the Government failed to offer sufficient evidence of conspiracy. (Mot. I at 5-6.) These Motions are now before the Court.

## II.  Standard of Review

### A.  Motion for a Judgment of Acquittal

Defendant moves for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c) which provides, in relevant part, "if the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c). Where, as here, "a motion for judgment of acquittal is based on insufficiency of the evidence, the conviction must be sustained if the evidence, when viewed in the light most favorable to the Government, is sufficient for any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *United States v. Romer,* 148 F.3d 359, 364 (4th Cir. 1998); *See U.S. v. Church*, 11 Fed. Appx 264 (4th Cir. 2001); (*See* Mot I. at 2 (alleging "the government did not adduce sufficient evidence to show that the Defendant was engaged in a conspiracy to distribute controlled

substances")). When ruling on a Rule 29(c) Motion "the trial court should only consider the sufficiency of the evidence presented in that trial, not what evidence is likely to be admitted or excluded in a future trial." *United States v. Mackins,* 32 F.3d 134, 138-39 (4th Cir. 1994). The Government must be allowed "the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982) (citations omitted). "Furthermore, neither the district court nor the appellate court should consider a witnesses' credibility, but must assume that the jury resolved all contradictions in favor of the Government." *Romer,* 148 F.3d at 364.

    B.    <u>Motion for a New Trial</u>

Defendant moves for a new trial under Federal Rule of Criminal Procedure 33 which provides, in relevant part, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. The Fourth Circuit instructs that "a trial court should exercise its discretion to award a new trial sparingly, and a jury verdict is not to be overturned except in the rare circumstance when the evidence 'weighs heavily' against it." *United States v. Smith,* 451 F.3d 209, 216-17 (4th Cir. 2006) (citations omitted).

4

Although while addressing a Rule 33 motion a district court "is not constrained by the requirement that it view the evidence in the light most favorable to the government," such a motion should only be granted when "the evidence weighs so heavily against the verdict that it would be unjust to enter judgment." *United States v. Arrington,* 757 F.2d 1484, 1485 (4th Cir. 1985).

### III. Analysis

The Court will address the Defendant's motions in turn.

    A.    <u>Motion for a Judgment of Acquittal</u>

Defendant argues that the Government did not "adduce sufficient evidence to show that the Defendant was engaged in a conspiracy to distribute controlled substances." (Mot. I at 2.) The essence of Defendant's Motion is that the Government failed to show that George entered into any agreement with other individuals to distribute controlled substances beyond mere agreements to purchase drugs. George sold controlled substances to individuals, but contends there was no "agreement" or "partnership in crime" beyond a sale of drugs. Defendant argues that "this may constitute a market [for illegal drugs], but it does not constitute a conspiracy." (Mot. I at 2.)

In making its determination regarding Defendant's Motion for a Judgment of Acquittal on Count I, the Court must

acknowledge that "a defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation omitted) (*citing Glasser v. United States*, 315 U.S. 60, 80 (1942)).  Where, as here, "a motion for judgment of acquittal is based on insufficiency of the evidence, the conviction must be sustained if the evidence, when viewed in the light most favorable to the Government, is sufficient for any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *Romer,* 148 F.3d at 364; *See See Church*, 11 Fed. Appx 264.  A guilty verdict is reversed only if "the record demonstrates a lack of evidence from which a jury could find guilt beyond a reasonable doubt."  *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996).

Here, the United States presented ample evidence, including the testimony of eleven witnesses who testified to George's efforts to obtain and distribute narcotics and eight witnesses who could directly testify to the Defendant's narcotics dealings with them.  In the Fourth Circuit, evidence of the type of "buy-sell transaction" that Defendant discounts "is at least relevant (*i.e.* probative) on the issue of whether a conspiratorial relationship exists."  *United States v. Mills,* 995 F.2d 480, 485 n.1 (4th Cir. 1993).  "Moreover . . . evidence

6

of a buy-sell transaction, when coupled with a substantial quantity of drugs, would support a reasonable inference that the parties were co-conspirators." *Id.* The Government also presented evidence regarding the Defendant's "doctor shopping" in an attempt to obtain more pills than a single individual would be prescribed. It offered testimony and surveillance evidence from two controlled purchases where illegally obtained pills were sold. Numerous other exhibits linking the Defendant to a number of different overlapping drug conspiracies were admitted at trial and considered by the jury. In this case, the volume of relevant evidence "when viewed in the light most favorable to the Government, is sufficient for any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *See Romer,* 148 F.3d at 364. This Court will deny Defendant's Motion for a Judgment of Acquittal.

B.  Motion for a New Trial

Defendant's Motion for a New Trial is premised on three arguments: (1) the admission of the testimony of Dr. Asmamaw, Pitts, Barber and Hart should have been excluded under Federal Rule of Evidence 403 as irrelevant and/or prejudicial; (2) the additional jury instruction regarding conspiracy was prejudicial and constituted an "improper intrusion" into the "deliberative process;" and, (3) that the Government failed to

7

offer sufficient evidence of conspiracy.  (Mot. I at 5-6.)  As
stated above, a Motion for a New Trial will only be granted when
"the evidence weighs so heavily against the verdict that it
would be unjust to enter judgment."  *Arrington,* 757 F.2d at
1485; *United States v. Jennings,* 438 F.Supp.2d 637, 642 (E.D.
Va. 2006).  The Court will address each of these arguments in
turn.

First, Defendant challenges the Court's admission of
the testimony of Dr. Asmamaw, Pitts, Barber and Hart as
irrelevant and/or prejudicial.  (Mot. I at 3.)  Defendant fails,
however, to present any argument as to how the admission of this
testimony entitles her to a new trial.  A district court's
evidentiary rulings are accorded great deference and "such
decisions may only be overturned under the most extraordinary
circumstances." *United States v. Rosen*, 557 F.3d 192, 199 (4th
Cir. 2009.)  Here, Defendant does not submit or specifically
point to any portion of the trial transcript evidencing the
allegedly prejudicial testimony nor does she offer more than the
conclusory argument that the testimony "did nothing to advance
[the Government's] proof with respect to any counts of the
indictment."  (Mot. I at 3.)

A Defendant is only entitled to relief if "an error
has affected [her] substantial rights," *United States v.*

*Rodriguez*, 433 F.3d 411, 416 (4th Cir. 2006), and "improper admission of evidence which is cumulative of matters shown by admissible evidence is harmless error." *United States v. Seidman,* 156 F.3d 542, 558 (4th Cir. 1998.) Here the testimony admitted by the Court was relevant and non-prejudicial and gave the jury an opportunity to understand the true nature and scope of Defendant's conduct. Rather than "inflame the passion and prejudice of the jury" regarding an "extraneous matter" as Defendant suggests (Mot. I at 3), Dr. Asmamaw's testimony corroborated evidence at trial that Defendant was doctor shopping not simply to feed her own addictions but that she used this tactic as a source of supply for illegal narcotics and regularly distributed the pills obtained to her regular customers. Dr. Asmamaw was in a unique position to provide this information. The three remaining witnesses, Pitts, Barber, and Hart, all testified regarding the regularity of Defendant's drug distribution practice: two of them regularly purchased thousands of dollars worth of illegal pills from Defendant. Defendant argues these buyer-seller transactions are not evidence of conspiracy as they do not show "agreement" between parties. (Mot. I. at 3.) As stated above, the Fourth Circuit has specifically held that "evidence of a buy-sell transaction is at least relevant (*i.e.* probative) on the issue of whether a

9

conspiratorial relationship exists." *Mills,* 995 F.2d at 485 n.1. This testimony is thus "relevant (*i.e.* probative)" evidence of a conspiratorial relationship between Defendant and Barber and Hart, among others, to illegally distribute Oxycodone. Even if this evidence was cumulative, the admission of such evidence is "harmless error." *United States v. Seidman*, 156 F.3d 542, 558 (4th Cir. 1998).

Second, Defendant argues that the Court, in response to a request from the jury for clarification, "erroneously changed its instructions with respect to conspiracy to the jury after the initial instructions had been given and after closing arguments had been made." (Mot. I at 2.) Defendant fails to cite to any specific portion of the instruction that she deems prejudicial, indeed, Defendant does not even include a citation to the trial transcript where the allegedly erroneous instruction was given. Instead Defendant makes the conclusory statement that the instruction "focused specifically on certain aspects of the Government's trial theory and proof" and leaves it to the Court's own recollection and intuition as to what portion of the instruction the Defendant believes was

erroneously given and in what way it might be inappropriately focused.[3] (Mot. I at 4.)

In any event, in the Court's eyes, the portion of the Court's supplemental instruction that Defendant is most likely referring to as focusing on "certain aspects of the government's trial theory" related to the relevance of "buy-sell transactions" as evidence of conspiracy.[4] Before answering the jury's request, the Court allowed five minutes for additional argument to both sides and it is this aspect of the instruction on which Defendant focused her argument. The relevant language of that instruction was drawn directly from the Fourth Circuit's law regarding evidence of conspiracy:

> [E]vidence of a buy-sell transaction is at least relevant (*i.e.* probative) on the issue of whether a conspiratorial relationship exists. Moreover . . . evidence of a buy-sell transaction, when coupled with a substantial quantity of drugs, would support a reasonable inference that the parties were co-conspirators.

*Mills*, 995 F.2d at 485 n.1. A trial court's jury instructions are reviewed for abuse of discretion, and an error of law constitutes an abuse of discretion. *United States v. Jeffers*, 570 F.3d 557, 566 (4th Cir. 2009) (citing *United States v.*

---

[3] The Court notes that during oral argument on this Motion Defendant chose to rest on her brief. Argument was only offered regarding Defendant's Second Motion for a New Trial.

[4] This supposition is based on Defendant's repeated attempts to argue that there was not sufficient evidence of conspiracy and her contention that "buy-sell" transactions constitute a "market" but not a conspiracy. (Mot. at 2.)

*Basham*, 561 F.3d 302, 326 (4th Cir. 2009); *United States v. Singh*, 518 F.3d 236, 249 (4th Cir. 2008)). An abuse of discretion can only be found where the instructions, taken as a whole, do not "adequately state the controlling legal principles." *Jeffers*, 570 F.3d at 566-67 (citing *United States v. Bolden*, 325 F.3d 471, 486 (4th Cir. 2003)). Here, the substance of the supplemental jury instruction was drawn directly from the Fourth Circuit precedent -- precedent that was offered by Defendant herself in her Proposed Jury Instructions. (Def.'s Proposed Jury Instruction No. 12, Dkt. 64.) Such an instruction, quoting directly from precedent, "adequately state[s] the controlling legal principles" and thus does not constitute error. *See Jeffers*, 570 F.3d at 566-67.

Third, Defendant argues that the Government failed to offer sufficient evidence of conspiracy. (Mot. I at 5.) Again, Defendant's argument is premised on the idea that evidence regarding the purchasing and selling of drugs is not evidence of an "agreement." (Mot. I at 5.) As has been discussed above, the testimony of eight witnesses regarding their personal knowledge of Defendant's distribution of illegal narcotics was offered by the Government and such testimony is relevant "on the issue of whether a conspiratorial relationship exists." *Mills*, 995 F.2d at 485 n.1. This Court is mindful that "a defendant

challenging the sufficiency of the evidence to support his conviction bears a heavy burden." *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation omitted) (*citing Glasser v. United States*, 315 U.S. 60, 80 (1942)). A guilty verdict is reversed only if "the record demonstrates a lack of evidence from which a jury could find guilt beyond a reasonable doubt." *Burgos*, 94 F.3d at 862. Here, the United States presented ample evidence including; numerous exhibits including surveillance evidence from two controlled purchases and the testimony of eleven witnesses, including two cooperating witnesses who testified to George's efforts to obtain and distribute narcotics. All of this evidence was considered by the jury in reaching its guilty verdict on the charge of conspiracy.

There is not a "lack of evidence" for the jury's verdict regarding conspiracy in this case. The Defendant has not demonstrated that "the evidence weighs so heavily against the verdict that it would be unjust to enter judgment." *See Arrington*, 757 F. 2d at 1485. On the contrary, the Government's case was strong and there was ample evidence adduced at trial supporting the jury's verdict.

## IV. Conclusion

For the foregoing reasons, the Court will deny Defendant's Motion for a Judgment of Acquittal and Motion for a New Trial. An appropriate Order will issue.

|  |  |
|---|---|
| May 13, 2010<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |